UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

QUANDIQUA WALKER,

    Plaintiff,

v.                                Case No.:

FLEX EXPRESS CAR WASH, LLC
d/b/a SHINER'S CAR WASH and
MOHAMMAD GANDHI, an individual,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, QUANDIQUA WALKER ("Plaintiff"), by and through undersigned counsel, hereby sues Defendants, FLEX EXPRESS CAR WASH, LLC d/b/a SHINER'S CAR WASH and MOHAMMAD GANDHI in his individual capacity ("Defendants"), and in support of her claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage and failure to pay overtime.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida.

## PARTIES

4. Plaintiff is a resident of Orange County, Florida.

5. Defendants operate a car wash in Orlando, in Orange County.

6. Defendant, FLEX EXPRESS CAR WASH, LLC d/b/a SHINER'S CAR WASH, is a Florida corporation.

7. Plaintiff worked for Defendant as a detailer at Defendant's Orlando location.

## GENERAL ALLEGATIONS

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12. At all times material hereto, Defendant FLEX EXPRESS CAR WASH, LLC d/b/a SHINER'S CAR WASH was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Defendant FLEX EXPRESS CAR WASH, LLC d/b/a SHINER'S CAR WASH continues to be an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendant FLEX EXPRESS CAR WASH, LLC d/b/a SHINER'S CAR WASH was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

15. At all times relevant to this action, Defendant FLEX EXPRESS CAR WASH, LLC d/b/a SHINER'S CAR WASH was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

16. At all times relevant to this action, the annual gross sales volume of Defendant FLEX EXPRESS CAR WASH, LLC d/b/a SHINER'S CAR WASH exceeded $500,000 per year.

17. Defendant MOHAMMAD GANDHI is the owner of FLEX EXPRESS CAR WASH, LLC d/b/a SHINER'S CAR WASH.

18. As part of his duties, Defendant MOHAMMAD GANDHI supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff. Defendant MOHAMMAD GANDHI also controlled the payroll practices of FLEX EXPRESS CAR WASH, LLC d/b/a SHINER'S CAR WASH.

19. Through the exercise of dominion and control over all employee-related matters at FLEX EXPRESS CAR WASH, LLC d/b/a SHINER'S CAR WASH, in his individual capacity MOHAMMAD GANDHI is also an "employer" within the meaning of the FLSA.

20. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

**FACTS**

21. Plaintiff worked for Defendants from September 2021 to April 25, 2022 as a detailer.

22. At all times material hereto, Plaintiff worked hours at the direction of Defendants, and she was not paid a minimum wage for all of the hours that she worked.

23. By refusing to allow Plaintiff to clock in until the first car of the day arrived at the facility, Defendants failed to pay Plaintiff a minimum wage.

24. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and she was entitled to be compensated for all of her overtime hours at a rate equal to one and one-half times her regular hourly rate.

25. Defendants failed to pay Plaintiff an overtime premium for all of the hours that Plaintiff worked.

26. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

**COUNT I – FLSA MINIMUM WAGE VIOLATION**

27. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

28. During the statutory period, Plaintiff worked for Defendant, and she was not paid the applicable minimum wage for the hours that she worked, as mandated by the FLSA.

29. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

30. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable statutory minimum wage;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's minimum wage damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## **COUNT II – FLSA OVERTIME VIOLATION**

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 26 of this Complaint, as though fully set forth herein.

32. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

34. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaration that Defendant's practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 15th day of September, 2022.

        Respectfully submitted,

        /s/ Christopher J. Saba

        **CHRISTOPHER J. SABA**
        Florida Bar Number: 0092016
        Wenzel Fenton Cabassa P.A.
        1110 N. Florida Avenue
        Suite 300
        Tampa, Florida 33602
        Main No.: 813-224-0431
        Direct No.: 813-321-4086
        Facsimile No.: 813-229-8712
        Email: csaba@wfclaw.com
        Email: tsoriano@wfclaw.com
        **Attorneys for Plaintiff**